UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Brendon J. Johnson, Carrie A. Johnson and Mark C. Lussier, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Fargo North High School and Individually Dan Shultis, Jerry Schneider, Shane Alderman, Andy Dahlen, Gary Mailloux, Fargo Public School District, Dr. David Flowers, and Does 1-100, ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Defendants. ) | Civil No. 3:07cv28 <br><br> **ORDER** |

Plaintiffs commenced this action in State Court, pro se, on May 31, 2006 against the Fargo Public Schools and others alleging race discrimination.  Defendants answered the complaint on June 14, 2006.  On February 5, 2007 plaintiffs filed an amended complaint stating federal causes of action.  Plaintiffs also demanded a jury trial.  Because plaintiff did not obtain leave of court to file the amended complaint, defendants moved to strike the amended complaint.  On February 28, 2007 State District Judge Georgia Dawson entered an order denying defendants' motion to strike and allowing plaintiffs to proceed on their amended complaint.  However, Judge Dawson denied plaintiffs' request for jury trial, "as it was not timely requested in the initial pleading."  <u>Memorandum in Opposition to Notice of Motion and Motion and Brief to Allow Jury Trial</u>, Doc. #6, Ex. C, at 2.  On March 2, 2007 defendants removed the action to this court and simultaneously provided notice to the plaintiffs.  On March 15, 2007, plaintiffs filed a Motion to Allow Jury Trial (Doc. #4).  Defendants oppose the motion, again asserting the demand is untimely.  For the following reasons, plaintiffs' Motion to Allow Jury Trial (Doc. #4)

1

is **GRANTED**.

Plaintiffs assert Federal Rule of Civil Procedure 15(c) dictates that their demand for jury trial in the amended complaint relates back to the filing of their original complaint: "Our argument is that since the Amended Summons and Complaint was accepted by the Court, that the entire Amended Summons and Complaint be accepted, which would include the Demand for a Jury Trial." Brief in Support of Motion to Allow Jury Trial, Doc. #5, at 2.  Defendants oppose the Motion for Jury Trial,  arguing Judge Dawson properly determined plaintiffs waived their right to a jury by failing to make a proper request under N.D.R. Civ. P. 38, stating "[t]he reason the Plaintiffs are not entitled to a jury trial in Federal Court is for the same reason they were denied a trial in State Court." Memorandum in Opposition to Notice of Motion and Motion and Brief to Allow Jury Trial, Doc. #6,  at 7-8.

Where a demand for jury trial arises in a case that has been removed to federal court, Federal Rule of Civil Procedure 81(c) clearly applies.  Bush v. Allstate Ins. Co., 425 F.2d 393, 395 (5th Cir. 1970) ("When this case was removed to the District Court, the Federal Rules of Civil Procedure became applicable."); Higgins v. Boeing Company, 526 F.2d 1004, 1006 (2nd Cir. 1975) ("Because this was a removed cause the question of jury trial demand was governed not by Rule 38 but by Rule 81(c)"(emphasis added). Rule 81(c) states, in relevant part:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, <u>if the party's demand therefor is served</u> within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner<u> within 10 days after service on the party of the notice of filing the petition.</u>

F.R.Civ. P. 81(c) (emphasis added).

Defendants concede that plaintiffs' Motion to Allow Jury Trial was filed within ten days

of the service of the Notice of Filing the Removal Petition, but argue that plaintiffs' waiver in state court establishes they are not "entitled to a trial by jury under F.R.Civ. P. Rule 38." Memorandum in Opposition to Notice of Motion and Motion and Brief to Allow Jury Trial, Doc. #6, at 7.  This court concludes plaintiffs' waiver in state court is not dispositive.  Although the parties have not cited any cases specifically addressing the circumstances present here, this court is persuaded by the discussion in Reliance Electric Co. v. Exxon Capital Corp., 932 F.Supp. 101 (S.D. N. Y. 1996).  In Reliance, the court read the discretion of Rule 39(b) into the language of Rule 81(c), weighing several factors: (1) whether the action is typically one tried to a jury; (2) whether the parties have proceeded on the assumption the case would be tried to a jury; and (3) whether the party opposing the jury request would be unduly prejudiced if the action were tried to a jury.  Id. at 103.  Additionally, the court in Reliance recognized that "there is more flexibility where an action is removed to federal court."  Id. (citing Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 391 (2nd Cir. 1983) (emphasis added).  The court in Reliance exercised its discretion to grant the plaintiff's jury demand, noting plaintiff's prompt rectification of its failure to make the jury demand, the action was still in its preliminary stages, and discovery had not yet begun.  Id.

Further, the history and purpose of Rule 81(c) supports the proposition that waiver of a jury demand in state court does not equate to waiver in federal court upon removal.  Specifically, the purpose of the federal jury demand, "which is to notify counsel and the court as early as possible that a jury is sought," is served by compliance with the requirement of Rule 81(c) that demand be made within 10 days after service of the notice of removal.  Mondor v. United States District Court for the District of California, 910 F.2d 585, 587 (9th Cir. 1990).  See also Van

<u>Zandt v. Uniroyal, Inc., Peerless Tire Div.</u>, 529 F. Supp. 482, 484 (D.C. N. Y. 1982) ( "At the time the plaintiff's jury request was filed, depositions had not begun, and discovery is only now commencing in earnest. In view of these circumstances, the court finds that no undue prejudice will result to the defendant if the case is tried to a jury. Accordingly, in discretion, I will grant the plaintiff's motion." ). This action is in its infancy in federal court; a scheduling order has not yet been entered. Thus, defendants are hard pressed to argue undue prejudice.

The court finds that plaintiffs are entitled to a jury trial on the complaint before this court, despite the state court's proper finding of waiver. Federal Rule of Civil Procedure 81(c) affords the plaintiffs an additional "bite of the apple" by specifically allowing them an opportunity to demand a jury trial after removal. Plaintiffs' Motion to Allow Jury Trial (Doc. #5) is **GRANTED**.

Dated this 29th day of June, 2007.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge
